[Civ. No. 1266.   Second Appellate District.—February 8, 1913.]

## JOHN E. BLACKWELL, Respondent, v. GEORGE RENWICK, Appellant.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—QUESTIONS OF FACT FOR TRIAL COURT—APPEAL. In this action to recover damages for injuries sustained by the plaintiff, while a pedestrian on a public street, as the result of a collision with an automobile alleged to have been negligently driven by the defendant, the question of the defendant's negligence, and as to whether the plaintiff was guilty of contributory negligence, are held to be questions of fact for the determination of the trial court sitting as a jury, and its finding against the defendant cannot be interfered with on appeal, when the evidence was conflicting.

ID.—WALKING ON STREET INSTEAD OF ON SIDEWALK—NOT NEGLIGENCE AS MATTER OF LAW.—The mere act of the plaintiff, in walking upon a public street, even when there was an adjoining sidewalk customarily used by pedestrians, would not warrant the deduction as matter of law that he was guilty of contributory negligence. Neither can it be said, as matter of law, that he was negligent in not looking backward to observe whether there were vehicles approaching before proceeding along the street.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Bert Campbell, for Appellant.

Amend & Amend, for Respondent.

JAMES, J.—Plaintiff sued to recover damages for injuries alleged to have been suffered through the negligence of defendant. The cause was tried before the court sitting without a jury, and the findings and judgment were in favor of plaintiff. The alleged negligent acts of defendant consisted in so driving an automobile on a public street at the outskirts of the city of Los Angeles that it collided with plaintiff, who was a pedestrian upon the street. At the outset it may be observed that there was a conflict in the evidence as to the manner in which the accident occurred. Plaintiff testified that at about 5:30 o'clock P. M. on the tenth day of November, 1910, he and his wife alighted from a car which was traveling southerly on Santa Fe Avenue and at the junction of the latter street with Vernon Avenue; that Vernon and Santa Fe avenues intersect at that point at right angles; that plaintiff's home was located a short distance southerly from Vernon Avenue on Santa Fe Avenue, toward which place he and his wife were then traveling; that Santa Fe Avenue at that location was in the condition of an ordinary county road, having a very rough surface and without cement or other sidewalks on either side of it; that according to their custom plaintiff and his wife started to walk southerly in the direction of their home down Santa Fe Avenue and a little to the right of the center of it, the wife walking between the rails of a car track laid on the right side of said avenue and the husband at the left of the inner rail of said track; that after having progressed a distance of about one hundred feet an automobile suddenly came upon them from the rear without warning of any kind, either by the sounding of a horn or other alarm, and that before plaintiff could move to a place of safety he was run over by the machine and seriously injured. The plaintiff further testified that up to the moment that the automobile came upon him he had heard no noise and had not seen the approaching vehicle. He further testified that on the side of the street where he and his wife were

walking there was only a distance of nine or ten feet from
that side of the street to the west rail of the car track along
which they were walking, and that the distance from the east
rail of said track to the opposite or easterly side of the street
was about thirty-four feet.  He denied that, as asserted by
defendant, there was a path answering for a sidewalk on the
west side of the street along which pedestrians customarily
traveled; on the contrary, his testimony was that because of
the lack of a sidewalk pedestrians habitually used the street
in traveling to and from points along its course.  The defend-
ant in his testimony gave his version of the events leading up
to the accident.  He testified that he was traveling along
Santa Fe Avenue in the same direction in which plaintiff
and his wife were moving, and that up to the time he reached
the intersection of Santa Fe Avenue with Vernon Avenue
he was traveling at the left of the car-track running down
Santa Fe Avenue, and that when he reached Vernon Avenue
he turned toward the right and proceeded southerly with the
westerly rail of the car track, upon which plaintiff and his
wife were walking, between the wheels of his automobile.  He
admitted that he observed plaintiff and his wife in ample
time to have stopped the automobile, but his statement was
that he was traveling at a moderate rate of speed, not exceed-
ing fifteen miles per hour, and that when he was about a
hundred feet away from plaintiff, both plaintiff and his wife
turned and faced the automobile and there stood; that he,
defendant, observing that there was ample room to drive his
automobile to the right of plaintiff and his wife and between
them and the westerly line of the street, started as he ap-
proached them to guide his machine in that manner around
them, when plaintiff's wife suddenly jumped toward the
westerly side of the street; that in order to avoid injuring
her he turned his machine to the left, and that he would
have escaped injuring either of the pedestrians had not the
plaintiff suddenly moved in front of the machine, and was
then struck by it.  He testified that his machine was equipped
with gas and oil lights, all of which were burning at the
time, and that he did not give alarm by blowing the horn be-
cause he noticed that when he was about a hundred feet away
from plaintiff and his wife they had turned and observed the
automobile.  The findings of the court, as has been noted,

determined the facts in favor of plaintiff. This appeal was taken from the judgment as entered, and also from an order made denying defendant a new trial.

It is contended that the facts as shown by the evidence did not establish the charge of negligence against the defendant, and further that plaintiff's injuries were caused through his own contributory negligence. As pertinent to the latter contention it is insisted: 1. That plaintiff was negligent in walking in the roadway when there was provided a sidewalk for pedestrians; and 2. That conceding his act in being upon the roadway to be without negligence, nevertheless, his failure to look for the approach of vehicles before starting to travel along the street, and his conduct immediately before and at the time of the collision showed a lack of the exercise of reasonable care on his part. As to the contention that the act of walking upon the street was negligent because a sidewalk had been provided for pedestrians, it is sufficient to say that the matters as to whether a sidewalk in fact existed, or whether its condition, if one did exist, was such as to warrant pedestrians in the exercise of ordinary care in using the street instead of such walk, were matters of fact which, upon the conflicting evidence submitted, were for the trial court sitting as a jury to determine, and that even though it had appeared that there was a sidewalk customarily used by pedestrians, that fact alone would not warrant the deduction that as a matter of law plaintiff was guilty of contributory negligence in using the street instead of such sidewalk. In the case of *Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 455, it is said: ''There is nothing in the point that the deceased was wrongfully in the street at the time of the accident, because he went there to play. If he had the necessary discretion and physical ability to be allowed to be in the streets at all, unattended, the purpose for which he went there is entirely immaterial. . : . The streets were made for travelers, it is true, but the fact that a person is there for other purposes does not justify a trespass committed upon his person. . . . If the deceased was playing in the street at the time of the injury, he may thereby have increased the danger or the difficulty of the defendant to avoid the injury. This would be material, but still the inquiry would be, what happened and what was done in the street, and not for what

reason the deceased was there.'' Neither can it be said as a matter of law that plaintiff was negligent in not looking back up the street to observe whether there were vehicles approaching before proceeding southerly. It cannot be said that had he observed the approach of the automobile before he and his wife started to move in a southerly direction they could not have reasonably and prudently started on their course along the very portion of the street traversed by them up to the time of the collision. It certainly was not their duty to turn about constantly and repeatedly to observe the approach of possible vehicles from the rear where the drivers of such vehicles could plainly observe them in time to give warning or turn out and avoid a collision. The defendant admitted that he could have stopped his machine within a distance of about twenty feet, but he relied upon his belief that he could pass the pedestrians at their right without running any risk of injuring them. If we take the statement of plaintiff to be true, as we must, in view of the conflicting state of the evidence, then it might reasonably appear that had defendant given warning by sounding his horn at the time he first observed plaintiff, plaintiff might have been able to move out of the way and avoid the collision. In effect, plaintiff's testimony was that the automobile came upon him so suddenly that he was startled and acted with some precipitation, pushing his wife as he thought out of the way of injury, and attempted to save himself. Where the circumstances are such that a person acts in a way that a reasonably prudent man would not act had he time for deliberation, and so perhaps increases the danger of injury being inflicted upon him, it cannot necessarily be said that he was guilty of contributory negligence, but under all the circumstances of the case that question must be resolved by the jury. We quote from the case of *Davis* v. *Pacific Power Co.*, 107 Cal. 575, [48 Am. St. Rep. 156, 40 Pac. 952] : ''It is only where the undisputed facts are such as to leave but one reasonable inference, and that of negligence, that the court is justified in taking the question from the jury. It is not enough that the evidence be without conflict. If, upon the facts disclosed, there is room for a reasonable deduction of proper care on the part of the person injured, the case is one for the jury.'' And in the case of *Schierhold* v. *North Beach &*

*M. R. R. Co.*, 40 Cal. 455, it is said: "The fact of negligence is generally an inference from many facts and circumstances, all of which it is the province of the jury to find. It can very seldom happen that the question is so clear from doubt that the court can undertake to say, as a matter of law, that the jury could not fairly and honestly find for the plaintiff." (See, also, *Fox* v. *Oakland Consolidated St. Ry.*, 118 Cal. 55, [62 Am. St. Rep. 216, 50 Pac. 25]; *Daly* v. *Hinz*, 113 Cal. 366, [45 Pac. 693].) In this case, under the state of the evidence, as we have briefly summarized it, it became the duty of the court to determine the question as to the negligence of the defendant and as to whether plaintiff was, under all of the circumstances shown, guilty of contributory negligence, and with the conclusions thereon made, under the authorities, an appellate court cannot interfere.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 9, 1913.