[Civ. No. 3499.   Second Appellate District, Division One.—April 14, 1921.]

GEORGE R. STONE, Respondent, v. J. W. GILL, Appellant.

[1] NEGLIGENCE—COLLISION OF AUTOMOBILE WITH PEDESTRIAN—FAILURE OF DRIVER TO USE OPPORTUNITIES FOR OBSERVATION—SUFFICIENCY OF EVIDENCE.—In this action for personal injuries to plaintiff, who was struck by an automobile which came up behind him while he was walking on a public highway, the evidence was sufficient to justify the finding that the driver of the automobile was negligent in failing to see the plaintiff in time to avoid striking him.

[2] ID.—PEDESTRIAN ON HIGHWAY—OBSERVATION OF APPROACHING OBJECTS.—Evidence that the plaintiff was walking in the street and that he did not look backward to guard against objects approaching him from the rear is not sufficient to compel a finding of contributory negligence, since it still remains the law that foot-passengers have the right to traverse and use the highway at all its points.

[3] ID.—DAMAGES—AWARD OF THREE THOUSAND FIVE HUNDRED DOLLARS NOT EXCESSIVE.—An award of three thousand five hundred dollars as general damages for personal injuries is not excessive where the plaintiff's leg was broken, a foot sprained, some of his ribs torn loose, a hip seriously injured, the muscles of the back and shoulder injured, and at the time of trial, one year after the accident, one of the broken bones had not healed and, according to medical testimony, there would be a permanent disability of the ankle.

APPEAL from a judgment of the Superior Court of San Bernardino County. J. W. Curtis, Judge. Affirmed.

The facts are stated in the opinion of the court.

Walter J. Hartzell and McNabb & Hodge for Appellant.

Burton E. Hales for Respondent.

CONREY, P. J.—Action to recover damages for personal injuries resulting from a collision between plaintiff and

_____

3.   Excessive verdict for personal injuries not resulting in death, notes, 16 Ann. Cas. 8; Ann. Cas. 1913A, 1361; Ann. Cas. 1915D, 488; Ann. Cas. 1916C, 916.

an automobile driven by the defendant. Judgment was entered in favor of the plaintiff for the sum of three thousand seven hundred dollars of which two hundred dollars covered expenditures for medical attendance and nursing, and the remainder of the award was allowed as general damages for the injuries received. Defendant appeals from the judgment.

On the evening of February 20, 1919, between 6 and 7 o'clock, plaintiff was walking west on the public highway known as West Fern Avenue, in the city of Redlands. The complaint alleged that while he was thus walking, the defendant negligently drove his automobile along the street in the same direction in which the plaintiff was walking and carelessly and negligently struck the plaintiff and ran over him, thereby causing the injuries for which recovery was sought. The grounds of appeal which are presented for consideration relate solely to the sufficiency of the evidence to sustain the findings. Appellant contends (1) that the evidence is insufficient to prove actionable negligence on his part; (2) that the plaintiff was guilty of contributory negligence which constituted a proximate cause of the accident; (3) that the damages awarded are excessive.

[1] From the plaintiff's testimony it appears that he walked westerly near the middle of Fern Avenue several hundred feet before he was struck by defendant's automobile; that it had been raining earlier in the evening, but was not raining during this walk on Fern Avenue nor at the time of the accident; that at the time of the accident "it was not misting at all"; that the sidewalks were wet and slippery, and, on account of trees, were considerably darker than the street; that for this reason there was less danger of slipping on the street than while walking on the sidewalks; that while walking on Fern Avenue at the time of and prior to the instant of the collision he was watching carefully for objects coming toward him from the front, but did not look behind; that he did not see appellant's machine or hear it—that there was no signal or horn blown; that there were street lights fixed to posts so that the greater part of the light was reflected on to the street. The plaintiff's wife testified that after the accident defendant told her that he ran into the plaintiff; that "his

lights were very poor and he could not see him." The defendant testified that he could see an object about seventy-five or one hundred feet ahead with the lights that were on his automobile. The accident occurred almost directly under one of the street lights. The defendant contended that by reason of the wetness of the street the reflections of light from the street interfered with his vision and that he was unable to see the plaintiff until too late to avoid a collision. On the other hand, the plaintiff testified that the reflections from the street did not cause a glare and did not interfere with vision ahead. Defendant in his testimony said: "I was going along, leaning out beyond my windshield to get a vision of the road, and he suddenly loomed up in the way of the car and I struck him." Our attention has not been directed to any evidence showing the condition of the windshield except such condition as might be inferred from the preceding sentence as quoted. We are satisfied that the evidence is sufficient to justify the court's finding that by reason of negligence on the part of the defendant in driving and operating his automobile the plaintiff was struck and injured thereby. From the facts shown, and upon which that finding is based, the inference was fairly warranted that the defendant's failure to see the plaintiff in time to avoid striking him must have resulted from careless failure to use his opportunities for observation.

[2] The evidence was not sufficient to compel the court to find that the plaintiff was guilty of contributory negligence, resulting either from the fact that he was walking on the street or from the fact that he did not look backward to guard against objects approaching him from the rear. "It still remains the law that foot-passengers have the right to traverse and use the highway at all its points, being chargeable only for the exercise of a due amount of care, which due amount of care, in its *quantum*, is governed by the circumstances attending the use which the pedestrian actually makes." (*Raymond* v. *Hill*, 168 Cal. 473, 482, [143 Pac. 743, 747].) The same rule was affirmed by this court in *Blackwell* v. *Renwick*, 21 Cal. App. 131, [131 Pac. 94]. In *Blackwell* v. *Renwick* it was further held that while the plaintiff was walking along in the roadway of a street it was not his duty to turn constantly

and repeatedly to observe the approach of possible vehicles from the rear, "where the drivers of such vehicles could plainly observe them in time to give warning or turn out and avoid a collision." The reason thus stated points to the distinction between the situation where a person is traveling along a highway in the line of direction of the highway, and the situation which exists where a pedestrian is about to cross a street and thereby suddenly place himself in the path of danger.

[3] No sufficient reason appears which would warrant this court in holding that the amount of damages awarded is unreasonably large. There is evidence to the effect that the plaintiff's left leg was broken, one foot sprained, some of his ribs torn loose, his hip seriously injured, and the muscles of his back and shoulder injured. The trial of the action took place one year after the date of the accident. One of the broken bones had not yet healed, and, according to medical testimony, there would be a permanent disability in plaintiff's ankle, affecting his ability to walk easily. After the accident, plaintiff was confined to his bed for four weeks and suffered a great deal of pain and loss of sleep.

The judgment is affirmed.

Shaw, J., and James, J., concurred.