[Crim. No. 630. Fourth Dist. Nov. 30, 1944.]

THE PEOPLE, Respondent, v. CHARLIE ALLEN BLANKS, Appellant.

P. E. Bingman and Loyal C. Kelley for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with the crime of burglary alleged to have been committed on February 9, 1944, and with several prior convictions of felonies. He pleaded not guilty but admitted the prior convictions. A jury found him guilty and he was sentenced as an habitual criminal. He has appealed from the judgment and from an order denying his motion for a new trial, contending that the evidence is insufficient and that certain errors were committed which were prejudicial to him.

It appears without question that a building in Beaumont used as a cocktail bar and liquor salesroom was burglarized on February 9, 1944, sometime between 12:15 a. m. and 8 o'clock the following morning. The locks on several doors were broken and about eight cases of whiskey were taken, including nine bottles of "Hill and Hill."

This cocktail bar was located at the northwest corner of a quarter block, bounded by streets on the north and on the west and by alleys on the south and on the east. The two street frontages were completely occupied by store buildings, but what may be roughly described as the southeast quarter of this quarter block consisted of vacant lots, parts of which were frequently used for parking automobiles. On a portion of these vacant lots, and along a part of the alley to the south, there was an old foundation of a building which had burned some years before. The walls of this foundation stood about four inches above the surrounding ground on the outside and eight inches or more above the surface of the ground within the foundation.

The evidence tending to connect the appellant with the commission of this crime is entirely circumstantial. Some three months previously he had worked as a bartender at this cocktail bar and was familiar with the premises and the place where the whiskey was kept. About 4 o'clock on the morning of that day a lady who was on her way to work, while backing her automobile in a northerly direction along the alley to the east of this quarter block, noticed an automobile parked on the north portion of the vacant lots to which we have referred. She merely observed its general appearance and that it had

a "lot of nickel on it and different shiney stuff over it." She testified that it looked somewhat similar to a picture of appellant's car. However, an officer testified that he could find no signs of a car having been parked in that location on that morning.

The officers did find, the next morning, the tracks of an automobile which had apparently been driven easterly on the alley south of this quarter block, then over the southerly wall of the old foundation in a northeasterly direction, then over the easterly wall of that foundation, and then back in a southeasterly direction, over a part of the vacant lots, into the alley again. Between the easterly wall of this foundation and the alley this automobile had passed over a large rock imbedded in the soil and its left rear wheel had passed over the metal cover of a water meter box. On that metal cover was left the clear impression of an Atlas tire, and there were marks on the rock indicating that a metal object had recently dragged across it.

About a week later the officers found the appellant's car at a trailer camp, where he was living, at the edge of San Bernardino. His left rear tire was an Atlas, the markings of which exactly corresponded with the tire mark left on the metal cover by some automobile. An expert witness testified that he compared particles of concrete and dirt found on the underside of appellant's car with the concrete where it had been scraped on the old foundation and with dirt found around that foundation. He found that the concrete was the same in kind and texture, and that the dirt found on the appellant's car contained particles of wood charcoal. He also gave the opinion that markings recently made on the stone imbedded in the soil corresponded exactly with recent scratchings and dents on the underside of the muffler of appellant's car, and gave what appear to be excellent reasons for this opinion.

The only other evidence tending to connect the appellant with the commission of this offense is the testimony of two witnesses to the effect that shortly after February 9th the appellant stated to them that he could and would get them some whiskey. One of them testified that he asked for Hill and Hill whiskey and that the appellant said he could procure six or seven bottles of that brand. However, both witnesses testified that he did not deliver any whiskey to them.

No whiskey was found in the appellant's possession and he, his wife, his mother, his stepfather and another man testified

to facts which would establish an alibi for him, if believed by the jury.

While the appellant was familiar with the premises from which the liquor was taken, while the evidence justifies the inference that his car had passed over this old foundation and over the rock at some time within thirty days of the date in question, and while other evidence indicates that some car with an Atlas tire on the left rear wheel passed over the metal covering of the meter box within eighteen hours of the morning after the burglary, it must be conceded that the evidence tending to connect the appellant with the commission of this offense is weak, at best. Under such circumstances any errors appearing in the record assume an importance that might well not be accorded them in a case involving stronger evidence connecting the person charged with the offense committed. This is especially true since the prior offenses here admitted by the appellant included burglary and receiving stolen property, which fact may well have had a considerable effect upon the jury.

With respect to the errors complained of it is first contended that the court erred in permitting the district attorney to read into evidence the testimony given by two witnesses at the preliminary examination, on his statement that these witnesses could not be produced, and without any foundation having been laid therefor as required by subdivision 3 of section 686 of the Penal Code. It is argued that no showing was made that due diligence had been exercised in attempting to locate these witnesses. These are the witnesses who testified at the preliminary hearing that shortly after February 9th the appellant tried to sell whiskey to them, and the respondent strongly relies on that evidence as a circumstance tending to show the appellant's guilt.

The record shows that during the trial the deputy district attorney stated that he would like to file the subpoenas issued for these two witnesses, showing the returns of the sheriff that one "had moved, address unknown, but thought to be in Arizona" and that the other "is now in the Army, and somewhere in Oregon," and that he was unable to produce these witnesses in court. He then asked leave to read the transcript of their testimony at the preliminary examination. Objection to this was made on the ground that "if they desire to use the testimony previously given by a witness, there must be a showing of due diligence in procuring his presence at the

trial.'' Counsel then went on to urge that subpoenas had not been issued early enough and ''that the foundation is not present for the reading of their prior testimony.'' The objection was overruled and the testimony of these witnesses taken at the preliminary hearing was read into evidence. The two subpoenas with the return of the sheriff of San Bernardino County on each were ''filed.'' In one return the sheriff states ''I hereby certify that after diligent search and careful inquiry, I have been unable to find Jasper Bailey. (Now in the Army somewhere in Oregon).'' In the other, ''I hereby certify that after diligent search and careful inquiry, I have been unable to find M. Jacobsen. (Moved, address unknown, thought to be in Arizona).'' The statements made in the returns of the sheriff are mere conclusions, are not sworn to, and no facts of any kind or nature are included therein. No attempt was made to introduce any evidence of any kind in connection with the matter of due diligence and there is no evidence in the record as to what, if anything, was ever done in an effort to locate these witnesses or either of them. It clearly appears that the statutory provision was not complied with and, in the absence of a proper foundation being laid, the evidence in question was inadmissible. While the question as to whether a search has been made with sufficient diligence is a matter largely within the discretion of the trial court, an abuse of that discretion appears when the showing of diligence is entirely insufficient. (*People* v. *McCabe*, 60 Cal.App.2d 492 [141 P.2d 54].) In the absence of any evidence at all tending to show diligence there is no room for the exercise of any discretion.

Error is assigned in the refusal of the court to give an instruction requested by the appellant, which was to the effect that the admission of testimony with reference to prior convictions was for the sole purpose of impeachment and that such evidence was to be considered only in relation to the credibility of the defendant as a witness and as to the weight which should be given to his testimony.

It appears that the appellant, while on the witness stand, was asked as to these prior convictions and admitted that he had been convicted of burglary and of receiving stolen property in other states. At the close of the giving of the instructions a juror asked permission to ask a question. He then stated that he did not understand a certain instruction ''about the testimony being impeached, if they had been convicted of

a felony previously'' and requested that this be repeated. The court then repeated the instruction which was: ''You are instructed that a witness may be impeached by the party against whom he was called, by showing that he had previously been convicted of a felony.'' The juror then stated that he did not understand ''by the party against whom he was called.'' This was explained and the juror expressed himself as being satisfied. Immediately thereafter, a recess was taken during which the appellant presented the proposed instruction, here in question, which was refused on the ground that ''it was not requested by counsel for defendant until after jury had been fully instructed and was not presented to court until 1:40 p.m. on this date.''

The substance of the refused instruction was not otherwise given. The respondent argues that such an instruction need not be given unless requested, and that this request came too late because a rule of the trial court adopted section 607a of the Code of Civil Procedure, which requires the presentation of instructions before the first witness is sworn. Considerable argument is presented with respect to whether the provisions of section 607a are applicable to criminal cases. This requires no consideration here. To refuse an instruction on the ground that it is presented too late may be erroneous even in a civil case (*Blanton* v. *Curry*, 36 Cal.App.2d 575 [98 P.2d 221].) In this case the matter did not arise until the jury had been instructed and immediately thereafter a juror expressed his misunderstanding in this connection and requested enlightenment. It was an important matter in view of the appellant's admissions as to prior convictions and the meager nature of the evidence connecting him with the crime. Under the circumstances appearing here the jury should have been instructed that the evidence relating to prior convictions should be considered only as affecting the credibility of the appellant and not for other purposes. This was not done and it should not be held, under all the attendant circumstances, that no prejudice could have resulted.

The further contention is made that the court erred in refusing to give an instruction proposed by the appellant to the effect that circumstantial evidence must not only be consistent with the defendant's guilt but must also exclude every reasonable hypothesis except that of such guilt. While we think this instruction should have been given the refusal to do

so, standing alone, would hardly be sufficient to justify a reversal since the substance thereof was more or less covered in two other instructions which were given, although they are not worded as clearly as might be desired.

■ · Because of the weak nature of the evidence connecting the appellant with this crime it cannot be held that the errors which appear are without prejudice. He was entitled to a fair trial and the errors are in connection with matters which would naturally be given great importance by the jury. The fact that he had previously been convicted of the same or similar crimes, and the fact that he claimed a little later to be able to deliver whiskey, may have had a great influence on the jury's verdict. It cannot be held, in a close case, that errors having such a direct bearing upon important issues, and probably upon the result, were without prejudice. The general situation here presented does not come within the curative provisions of section 4½ of article VI of the Constitution.

The judgment and the order denying a new trial are reversed and the cause is remanded for a new trial.

Marks, J., and Griffin, J., concurred.