[Sac. No. 7152. In Bank. Mar. 25, 1960.]

JAMES DAVIS, Appellant, v. STEIN ERICKSON et al., Respondents.

Thomas W. Martin and Landis, Brody & Martin for Appellant.

Cruikshank & Gershon and Harry L. Gershon as Amici Curiae on behalf of Appellant.

Russell A. Harris and George W. Bullen for Respondents.

DOOLING, J. pro tem.[*]—Plaintiff appeals from an adverse judgment, entered on a jury verdict, in an action for personal injuries. The evidence shows that appellant was seriously injured while taking instructions at a ski school operated by defendants. He was one of a class of intermediate beginners who were being instructed by respondent Larssen. The class was being conducted on the lower level of one of the ski slopes —a relatively crowded area in which many advanced skiers were also skiing. The class under Larssen's direction would go approximately halfway up the slope and then descend in a zigzag course, attempting to make turns previously demonstrated by the instructor. They had completed such maneuvers a couple of times before the accident. Immediately prior to the accident the instructor demonstrated a turn known as the snowplow and stopped some 10 feet below appellant and motioned him to follow her. This he proceeded to do and as he neared the instructor she screamed causing appellant to look over his shoulder. He saw another skier approaching him and to avoid being struck by him threw himself flat on the snow but one of the oncoming skier's skis struck him inflicting serious injuries. This other skier "flipped" over appellant and went on his way and his identity was not discovered until approximately a week before the trial.

The issues of negligence, contributory negligence, assumption of risk and proximate cause were submitted to the jury. After deliberating for some time the jury requested the court to read again the instructions on negligence and assumption of risk. The court read some of the requested instructions, but

---

[*]Assigned by Chairman of Judicial Council.

not all, and then inquired whether the instructions read were those which they had in mind or whether they wished other instructions read "such as ordinary care, approximate cause, and contributory negligence and other matters which pertain to the question of negligence." The foreman replied: "Your Honor, the Jury requests to have all of them read." After reading further instructions, the court said: "Having read all the instructions pertaining to negligence and all the instructions pertaining to the doctrine of assumption of risk, do you feel there are other instructions you desire to inquire into?" The foreman replied: "No, Your Honor."

After the jury had retired counsel for appellant called the court's attention to three instructions on negligence and proximate cause proposed by appellant and previously given to the jury but which the court had inadvertently omitted in the rereading and requested that the members of the jury be recalled and these instructions read to them. Respondents' counsel objected that the proposed procedure would unduly emphasize the contents of the omitted instructions and in any event would not add anything as "the field [was] entirely covered." The court agreed, saying that "the law pertaining to the subject of negligence [had been] completely covered by the standard instructions" given and reread, that the omitted instructions simply emphasized the "same rules of law from the Plaintiff's standpoint," and that to "recall the Jury at this time now and read the formula instructions . . . would only aggravate the situation more." After resuming their deliberations the jury in about 20 minutes returned a verdict for defendants.

We need only consider one of the omitted instructions, the failure to reread which we have concluded, under the facts of this case, constituted prejudicial error. This instruction reads:

"Defendants are guilty of negligence if they did not use the ordinary care of a reasonably prudent person in the operation, management and control of the ski school in which plaintiff James Davis was a student. You are instructed that defendants are not relieved of liability for negligence in the operation, management and control of said ski school by any intervening act of another which caused injury to plaintiff James Davis if the intervening act was reasonably foreseeable by defendants. Where the intervening act is reasonably foreseeable the chain of causation is not broken and the original actors remain liable."

The omission of this instruction (which is not a formula

instruction) in the rereading to the jury struck at the heart of appellant's case since it was the only instruction which explained to the jury that the intervening act of the other skier in striking and injuring appellant would not break the chain of proximate cause "if the intervening act was reasonably foreseeable by defendants." It was premised on the rule that the intervening act of a third person does not relieve the original wrongdoer of liability if the intervening act was a reasonably foreseeable result of the original actor's wrongdoing. (*Eads* v. *Marks,* 39 Cal.2d 807, 812 [249 P.2d 257]; *McEvoy* v. *American Pool Corp.,* 32 Cal.2d 295, 299 [195 P.2d 783]; *Mosley* v. *Arden Farms Co.,* 26 Cal.2d 213, 218-219 [157 P.2d 372, 158 A.L.R. 872].) Appellant was compelled to predicate his case on the theory that respondents, if negligent, were not relieved of liability by the intervening act of the hit-and-run skier and that the latter's act was not a superseding cause because it was a hazard which respondents could have reasonably foreseen. (*Richardson* v. *Ham,* 44 Cal.2d 772, 777 [285 P.2d 269].)

■ A plaintiff is entitled to have his theory of the case submitted to the jury in accordance with the evidence (*Leming* v. *Oilfields Trucking Co.,* 44 Cal.2d 343, 352 [282 P.2d 23, 51 A.L.R.2d 107]; *Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614, 623 [255 P.2d 785]) and the trial court must, when requested, instruct on all vital issues involved (*Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630, 633 [255 P.2d 795]).

While this instruction was originally read to the jury it was not only omitted from the rereading, although the jury had requested the rereading of *all* the instructions on negligence, but the trial court further misled the jury by the inadvertent but erroneous statement that *all* of the instructions on negligence had been reread. ■■ The jury's request for the rereading of all of the instructions on this subject was a proper one (Code Civ. Proc., § 614) and the court properly attempted to comply (*Cook* v. *Los Angeles Ry. Corp.,* 13 Cal.2d 591, 594-595 [91 P.2d 118]; *cf. People* v. *Blanks,* 67 Cal.App.2d 132, 137 [153 P.2d 449]).

■ The refusal to give this instruction initially would have constituted reversible error (*Sills* v. *Los Angeles Transit Lines, supra,* 40 Cal.2d 630, 633, 639-640; *Daniels* v. *City & County of San Francisco, supra,* 40 Cal.2d 614, 623-624, 626), but respondents argue that since this instruction was originally given to the jury on submission of the case the failure to reread it was not prejudicial. This argument overlooks the

realities of the case. We can only reasonably assume that the jury's request for a rereading of all of the instructions on negligence was properly motivated either by a failure of the jury to clearly recollect the full import of such instructions or by a disagreement among the jurors as to the instructions which had been actually given. It is likewise the only reasonable assumption that the jury would carefully listen to the instructions as reread at their request and upon being assured by the court that it had reread all of the instructions on the subject would consider only the instructions which they had heard reread in their further deliberations. We can only conclude under the facts of this case that the failure to reread the only instruction on the legal effect of an intervening cause was as prejudicial to appellant as the original refusal to give it would have been.

The argument that to recall the jury to read the omitted instructions would have overemphasized their contents is not persuasive. The court could have admonished the jury not to attach any particular emphasis to the fact that it was reading certain instructions which had been inadvertently omitted in its first reading, thereby protecting respondents from any prejudice in the court's correcting its previous oversight (*Greitz* v. *Sivachenko,* 143 Cal.App.2d 146, 150 [299 P.2d 374]) or the court could have avoided any appearance of emphasis by rereading all of the instructions on the subject including the instructions previously omitted by inadvertence.

From the consideration of the entire record we are satisfied that the error discussed was prejudicial. (Const., art. VI, § 4½; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

Judgment reversed.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and White, J., concurred.