[Civ. No. 29830. Second Dist., Div. Five. May 17, 1967.]

CLAUDINE A. PEDESKY, Plaintiff and Appellant, v. LEON W. BLEIBERG, Defendant and Respondent.

Herbert Manasse for Plaintiff and Appellant.

Booth, Mitchel, Strange & Willian and Norman R. Willian for Defendant and Respondent.

STEPHENS, J.—Plaintiff, Claudine A. Pedesky, for many years experienced problems with her feet. Seeking relief, she sought the services of defendant, Dr. Leon Bleiberg, a licensed podiatrist. Following an examination of plaintiff's feet, defendant suggested surgery. On January 5, 1961, defendant operated. Subsequently, plaintiff sued, claiming that the operation was performed negligently and not within the standard of care of podiatrists in the area. Plaintiff further claimed that she did not consent to the extent of the surgery; that if she did consent, it was not an informed consent; and that in any event the surgery was entirely unnecessary and unwarranted under any circumstance.

Trial was held before a jury from January 25, 1965, to February 5, 1965, concluding with a verdict in favor of defendant. Plaintiff appeals, alleging that: (1) the court erred

in refusing to properly instruct on plaintiff's theory of battery resulting from unnecessary or improper surgery; (2) the court erred in refusing to allow one of plaintiff's expert witnesses to state his opinion to the effect that the surgery was completely unnecessary and unjustified; and (3) the court committed prejudicial error through use of destructive and threatening comments to plaintiff's principal witness.

Did the court fail to properly instruct the jury on plaintiff's theories of battery? Yes.

■ It is settled that plaintiff was entitled to instructions adequately covering the issues raised by the pleadings and proof. (*Davis* v. *Erickson,* 53 Cal.2d 860, 863 [3 Cal.Rptr. 567, 350 P.2d 535]; 2 Witkin, Cal. Procedure, Trial, § 52, p. 1780.) The amended complaint alleged that a battery by defendant upon plaintiff resulted from the operation performed by defendant. There were presented, by the pleadings and evidence, distinct theories upon which the jury could find a battery had been committed; first, that there had been no consent given by plaintiff for the operation; second, that though a consent to operate was given, (a) defendant exceeded the consent (without permissible cause), or (b) the consent was an unknowledgeable one.

■ If the court adequately instructs on the issues raised, failure to give the requested instructions is not error even though they may be correct statements of law. (*Duff* v. *Schaefer Ambulance Service, Inc.,* 132 Cal.App.2d 655, 679 [283 P.2d 71].) The court gave three instructions[1] on battery and consent. The instructions given by the trial court did not

---

[1] "A battery is '. . . any wilfull and unlawful use of force or violence upon the person of another.'"

"A podiatrist must obtain the consent of a patient before operating on or treating her. Such consent need not be in writing or by express words or in any particular form.

"Failure to obtain consent when and as required renders the podiatrist liable in damages for any injury proximately resulting from the operation or treatment." (BAJI 214-P (Rev.) as modified.)

"In determining whether the plaintiff consented to the treatment and operation here involved, you should have in mind and apply the following rule of law.

"A podiatrist has a duty to make reasonable disclosure to his patient of all significant facts under the circumstances of the situation which are necessary to form the basis of an intelligent and informed consent by the patient to the proposed treatment and operation. This duty however, is limited to those disclosures which a competent podiatrist would make under the same or similar circumstances, having due regard to the patient's physical, mental and emotional condition. The failure to disclose in all instances does not necessarily suggest a neglect of duty." (BAJI 214-Q (New) as modified.)

adequately instruct the jury upon the several issues involved. Did the plaintiff give her consent to the operation that was actually performed, or to some lesser operation? If plaintiff gave her consent to the operation actually performed, was such consent an informed one? (See Annot., 56 A.L.R.2d 695, 697-698, 709; *Valdez* v. *Percy*, 35 Cal.App.2d 485, 491 [96 P.2d 142].) If the consent was for the performance of the operation actually performed, and if such consent was an informed one, was the operation in any event a proper podiatric operation?

The cause of action which arises from an operation which is consented to by the patient but which in fact is not warranted under the prevailing standards of care and treatment in the locality at the time of the operation is not one of a "technical" assault and battery, but rather one of malpractice. In this premise of fact, it is assumed the doctor has told the patient substantially what he intends to do, and, relying upon such professional recommendation that the operation is warranted, the patient consents. Because the patient has consented to the operation to be performed, her consent is a valid defense to a battery charge. The patient's action then is one for malpractice in that the doctor gave the wrong advice or made the wrong diagnosis. BAJI instructions given, number 214 (Rev.) as modified, 214- A(Rev.) as modified, and 214-B (Rev.), adequately covered the last stated issue of alleged malpractice.[2]

---

[2] "By undertaking professional service to a patient, a podiatrist impliedly represents that he possesses, and it is his duty to possess, that degree of learning and skill ordinarily possessed by podiatrists of good standing, practicing in the same or a similar locality and under similar circumstances.

"It is his further duty to use the care ordinarily exercised in like cases by reputable members of his profession practicing in the same or a similar locality and under similar circumstances; and to use reasonable diligence and his best judgment in the exercise of his skill and the application of his learning, in an effort to accomplish the purpose for which he is employed.

"A violation of any of those duties is a form of negligence that we call malpractice." (BAJI 214 (Rev.) as modified.)

"The law does not condemn a podiatrist simply because his efforts prove unsuccessful. No practitioner can guarantee results.

"..................

"It is quite possible for a podiatrist to err in judgment, or to be unsuccessful in his treatment, or to disagree with others of his profession, without being negligent.

"On the other hand, if a podiatrist does not possess that degree of learning and skill ordinarily possessed by podiatrists of good standing practicing in the same or a similar locality and under similar circumstances or if he fails to exercise the care ordinarily exercised by reputable members of his profession in the same or a similar locality and under

We then must treat with the instructions concerning consent as consent (or lack thereof) relates to the charge of battery.

Confusion may arise in the area of ''exceeding a patient's consent.'' In cases where a doctor exceeds the consent and such excess surgery is found necessary due to conditions arising during an operation which endanger the patient's health or life, the consent is presumed. The surgery necessitated is proper (though exceeding specific consent) on the theory of assumed consent, were the patient made aware of the additional need.

When an action is based upon the theory of surgery beyond consent, the gist of such action is the unwarranted exceeding of the consent. This is a theory of technical battery. (*Hundley* v. *St. Francis Hospital,* 161 Cal.App.2d 800, 802 [327 P.2d 131]; *Valdez* v. *Percy, supra,* 35 Cal.App.2d 485, 491.) We are not here concerned with a case involving reasonableness of exceeding consent due to emergency.

The plaintiff was entitled to have every theory of her case submitted to the jury in accordance with the evidence (*Leming* v. *Oilfields Trucking Co.,* 44 Cal.2d 343, 352 [282 P.2d 23, 51 A.L.R.2d 107]; *Daniels* v. *City & County of San Francisco,* 40 Cal.2d 614, 623 [255 P.2d 785]), and the trial court must, when requested, instruct on all vital issues involved. (*Sills* v. *Los Angeles Transit Lines,* 40 Cal.2d 630, 633 [255 P.2d 795]; *Phillips* v. *G. L. Truman Excavation Co.,* 55 Cal.2d 801, 806 [13 Cal.Rptr. 401, 362 P.2d 33].)

Defendant urges that this situation is like that found in *Ray* v. *Jackson,* 219 Cal.App.2d 445 [33 Cal.Rptr. 339]. We disagree. In *Ray,* the proposed instructions were repetitious. In the present case, the proposed instructions were not repetitious but necessary to cover the issues raised and to prevent confusion.

The plaintiff, in her battery theory, may concede that the operation accomplished was performed skillfully. This conces-

similar circumstances it is no defense to a charge of negligence that he did the best he could.'' (BAJI 214-A (Rev.) as modified.)

''In determining whether defendant's learning, skill and conduct fulfilled the duties imposed on him by law, as they have been stated to you, you are not permitted to set up arbitrarily, a standard of your own. The standard, I remind you, was set by the learning, skill and care ordinarily possessed and practiced by others of the same profession in good standing, in the same or a similar locality and under similar circumstances at the same time. It follows, therefore, that the only way you may properly learn that standard is through evidence presented in this trial by podiatrists called as expert witnesses.'' (BAJI 214-B (Rev.) as modified.)

sion is not a waiver to a disability resulting from an operation exceeding any consent given.

*Valdez* v. *Percy, supra,* 35 Cal.App.2d 485 at 491 states: "It is firmly established as the law that where a person has been subjected to an operation without his consent such an operation constitutes technical assault and battery. (*Hively* v. *Higgs,* 120 Or. 588 [253 P. 363, 53 A.L.R. 1052].)"

■ The instructions given fail to inform the jury that the test is not alone that there is a duty upon the podiatrist to explain, but also that the jury must determine that the patient reasonably comprehended the explanation, or, to say it another way, that the patient gave an informed consent. The patient is entitled to reasonably understand the extent of the operation.

The instructions which were given were not erroneous, but they failed to cover all of the issues raised by the trial of the case. The trial court evidently concluded that instruction BAJI 204-Q (New) covered the various issues involving consent. This it failed to do.[3] There was a failure to instruct on the effect of consent when such consent was unknowledgeable.

Plaintiff submitted proposed instructions seeking to adequately inform the jury on the issues of law. We do not approve the instructions submitted. However, a court instructing upon an issue must present an adequate statement, to avoid confusion and misunderstanding. ■ A trial judge is not required to correct a requested instruction which is incomplete or erroneous. (*Tossman* v. *Newman,* 37 Cal.2d 522 [233 P.2d 1]; *Davis* v. *Johnson,* 128 Cal.App.2d 466, 473 [275 P.2d 563]; *Bertolozzi* v. *Progressive Concrete Co.,* 95 Cal.App. 2d 332, 337-338 [212 P.2d 910].) This principle of law does not relieve the trial court from *adequately* instructing upon those issues of law instructed upon. (*Trejo* v. *Maciel,* 239 Cal.App.2d 487, 498 [48 Cal.Rptr. 765].) The court in *Distefano* v. *Hall,* 218 Cal.App.2d 657 at 672-673 [32 Cal.Rptr. 770] placed this duty upon the trial court and stated: "A perusal of the trial court's instructions in this case discloses not only that they were scanty, but that they failed in several respects to give the jury the full and complete understanding of the case to which it was entitled." The responsibility of the court is properly expressed in *Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists,* 227 Cal.App.2d 675,

---

[3] We note also that the last sentence of instruction BAJI 214-Q (New) as modified directs attention to a theory of negligence (malpractice) where the podiatrist fails to perform the "duty" imposed upon him in the instruction.

717 [39 Cal.Rptr. 64], where the court states: "Where a portion of a proposed instruction is erroneous, misleading or incomplete, the court may properly refuse the entire instruction, there being no duty on the court to cull out what is proper from what is not; nor is the court under a duty to modify such instruction or give others in lieu of it *as long as the jury is properly instructed as to the law of the case.* [Citations.]" (Italics ours.)

 In the case before us, the court did not meet the duty imposed upon it. Failure to adequately instruct in this instance is prejudicial since we are able to say that were more complete instructions given, it is reasonably probable that a result more favorable to the plaintiff would occur. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243].)

The other two issues are ones unlikely to occur upon retrial. Since the case must be returned for retrial, we deem it unnecessary to discuss them.

The judgment is reversed.

Kaus, P. J., and Hufstedler, J., concurred.