[Civ. No. 56243. Second Dist., Div. Five. Aug. 22, 1980.]

WILLARD ROBERTS, Plaintiff and Respondent, v.
CITY OF LOS ANGELES, Defendant and Appellant.

COUNSEL

Burt Pines, City Attorney, John T. Neville, Sr., Assistant City Attorney, and S. Thomas Todd, Deputy City Attorney, for Defendant and Appellant.

Mohi & Glasman and Gary Mohi for Plaintiff and Respondent.

OPINION

STEPHENS, J.—The City of Los Angeles (hereinafter City) appeals from a judgment in favor of plaintiff, Willard Roberts (hereafter Roberts), in which the jury returned a unanimous general verdict awarding plaintiff $32,250 for battery and false imprisonment.

Roberts' complaint against the City arose out of an altercation with a Los Angeles City police officer during which he alleges that he was battered and, as a result of which, he was falsely imprisoned. In its answer, the City affirmatively alleged, inter alia, that the wrong suffered by plaintiff (hereafter sometimes referred as respondent) was caused "solely by [his] willfully resisting a public officer in the discharge and attempt to discharge the duty of his office," and that as a result of having had "reasonable cause to believe that a public offense was being committed in their presence," there "existed probable cause to arrest and detain the plaintiff."

After the jury returned its verdict, appellant City (hereafter sometimes referred to as defendant) moved for a judgment notwithstanding the verdict and a new trial. City contended that the trial court erred in failing to instruct the jury pursuant to BAJI No. 6.86. It is from the judgment that the City now appeals.

■ The sole question before us is whether the trial court committed prejudicial error in failing to instruct the jury on a central issue in the case as a result of rejecting defendant's improperly drafted jury instruction regarding BAJI No. 6.86, on "Reasonable Cause for Arrest."[1] We find that it did not.

---

[1] BAJI No. 6.86 and comment reads in its entirety as follows: "To constitute reasonable cause for the [arrest] [detention] of the plaintiff in this case, the evidence must

## FACTS

Although there was substantial conflicting evidence in the testimony of the officers themselves,[2] as well as that of an eyewitness—the following account is the version most favorable to the City in that they were denied instruction requested by them relating to their theory of the case. (*Sills* v. *Los Angeles Transit Lines* (1953) 40 Cal.2d 630, 633 [255 P.2d 795]; *Fish* v. *Los Angeles Dodgers Baseball Club* (1976) 56 Cal.App.3d 620, 623-624 [128 Cal.Rptr. 807, 91 A.L.R.3d 1].)

On Sunday, June 30, 1974, Officers Hofer and Retana responded to a radio call regarding a man with a shotgun disturbing the peace on the 500 block of 35th Street. In the vicinity of the disturbance a citizen pointed out the suspect and the latter was arrested for assault with a deadly weapon and placed inside the officers' car. Officer Hofer then proceeded to a barbershop nearby, after being told by another citizen that the man just arrested (Davis) "had gone into [the shop] and left the gun in it."

Upon entering an open door to the shop, Officer Hofer observed respondent, Roberts, standing about 10 feet inside the door. Hofer was shortly joined by Officers Reiner and Higginbotham, who he believed were there to back him up. The evidence as to what happened from this point forward is substantially contradictory but, in a light most favorable to the City, can be summarized as follows: plaintiff (who officers believed at the time was either the owner or manager of the shop), apparently intoxicated, told the officers in an excited manner that they

---

establish that: (Here set forth the evidence of facts which, if true, would establish reasonable cause as a matter of law.)

"If you find from all of the evidence that the foregoing facts are true, you must find that there was reasonable cause to [arrest] [detain] the plaintiff.

"If you find that such facts are not true, you must find that there was not reasonable cause to [arrest] [detain] him.

### "COMMENT

"Whether there was reasonable cause for an arrest is a question of law. When the facts are admitted or not controverted, the question is to be determined by the court alone. When the facts are controverted or the evidence is conflicting, the jury must be instructed as to what facts, if established, constitute reasonable cause. Only the question of the existence of such facts should be submitted to the jury. It is error to give the jury a definition of reasonable cause and to instruct them to determine if the facts are within or *without that definition*. [Citations.]"

[2]For example, Officer Hofer answered "No," when asked by opposing counsel if his investigation of the premises was impeded by Mr. Roberts.

could not look for the gun in the shop; Officers Reiner and Hofer proceeded to an open room in the back of the shop, while Officer Higginbotham stationed himself between them and Roberts, who was becoming adamant in his demand that they leave; after finding the shotgun in the rear of the shop, Officers Hofer and Reiner passed by Roberts and Higginbotham, who were still arguing; at this point, Higginbotham saw Roberts reaching for the arm in which Officer Hofer was carrying the gun and after stopping him from doing so, he believed that Roberts was then attacking him and "fearful for his own safety," applied a bar arm control hold which resulted in both men falling to the ground; Roberts was then handcuffed and placed under arrest for violation of section 148 of the Penal Code,[3] interfering with or resisting arrest. After being driven to the police station and placed in a holding tank, he was released without being booked and was driven by Officers Reiner and Higginbotham back to the barbershop.

Mr. Roberts, 62 years of age at the time of the above incident, filed a claim in which he alleged receiving a "broken rib, bruises, lacerations, and neck injuries."

Whether there was reasonable cause to arrest is the central issue in this case. The trial court itself stated that "[t]he test that we have here is whether there was reasonable cause for the arrest...." The City's contention that "the officers at all times acted lawfully,... and that the plaintiff was lawfully arrested for violation of section 148," also clearly indicates that probable cause to arrest is a fundamental issue in the case. We agree with appellant's contention that as a general rule an instruction on reasonable cause for arrest should have been given under these circumstances.[4]

■ "In an action for false arrest and imprisonment, the question of reasonable or probable cause is ordinarily one for the court .... When

---

[3]Penal Code section 148 reads as follows: "Every person who wilfully resists, delays, or obstructs any public officer, in the discharge or attempt to discharge any duty of his office, when no other punishment is prescribed, is punishable by a fine not exceeding one thousand dollars, or by imprisonment in a county jail not exceeding one year, or both by such fine and imprisonment."

[4]With reference to appellant's contentions that the officer involved acted lawfully and that respondent was lawfully arrested for violation of Penal Code section 148, the only specific instruction given the jury was "Defendant's Instruction No. 31," which stated: "Peace officers may enter a place open to the public during the hours that it is open for business without a search warrant."

the facts are controverted or the evidence conflicting,...the jury is to be told that if it finds the facts in a designated way such facts do or do not amount to probable cause." (*Whaley* v. *Jansen* (1962) 208 Cal. App.2d 222, 227 [25 Cal.Rptr. 184]; accord *Aitken* v. *White* (1949) 93 Cal.App.2d 134 [208 P.2d 788].) The court in *Gibson* v. *J. C. Penney Co., Inc.* (1958) 165 Cal.App.2d 640 [331 P.2d 1057], also makes it clear that in a false imprisonment case where the evidence is in conflict with respect to probable cause, it is "'...the duty of the court to instruct the jury as to what facts, if established, would constitute probable cause....'" (*Id.* at p. 645, quoting *Aitken, supra,* 93 Cal.App.2d at p. 141.)

The general rule, however, is not without its corollary. ▮ As the court stated in *Hyatt* v. *Sierra Boat Co.* (1978) 79 Cal.App.3d 325, 335 [145 Cal.Rptr. 47]: "It is the responsibility of counsel to propose correct instructions and the court has no duty to modify erroneous instructions submitted to it, and there is no error if it simply rejects such instructions. (*Shaw* v. *Pacific Greyhound Lines* (1958) 50 Cal. App.2d 153, 158 [323 P.2d 391].)" The instruction which the *Hyatt* court found had been properly refused by the trial court in that case "was not a correct statement of the law." (*Id.* at p. 334.) The instruction which the *Shaw* court (*supra,* 50 Cal.App.2d at p. 158) found had been properly rejected by the trial court was erroneous in part because it was incomplete, the proponent not having filled in a blank space for the specific facts required for that party's contention. Both kinds of defects mentioned above are present in the instructions in issue in the case before us—BAJI No. 6.86—as submitted in various forms by defense counsel. ▮ Here the City made four unsuccessful attempts to properly draft a comparatively simple jury instruction. All that was needed was to fill in the factual material in the place provided in BAJI No. 6.86.[5] Time after time after time the judge attempted to assist the deputy city attorney in how to properly complete the instruction, which merely required the setting forth of "facts, which, if true, would establish reasonable cause as a matter of law."[6] Ample opportunity was

---

[5]The first version is not contained in the record. The second version contained only the legal conclusion "lawful investigation." The third added irrelevant facts to the second version. The fourth version was properly characterized by the trial court as "a slanted [and] improper instruction." The City admits that none constituted a correct instruction.

[6]Instruction No. 25 contained the following language for paragraph two of BAJI No. 6.86: "The plaintiff interfered with a lawful investigation being conducted by the defendant's employees, Los Angeles City Police Officers, on June 30, 1974."

provided to draft a usable instruction. During the tenth trial day, after a lengthy explanation of how to draft the instruction was given, the deputy city attorney withdrew her third effort and stated she was relying on a previous version.[7] The judge, then faced with an untenable situation, ruled the instruction as offered did not "set forth evidence of facts which if true would establish reasonable cause as a matter of law."[8]

Directly before plaintiff's closing argument, the court asked counsel, for the next to the last time, if she wished to change the instruction as offered. Counsel replied, "No, Your Honor."

This, however, was not the end of the matter; after plaintiff's closing argument the court again offered to allow defense counsel to submit a proper instruction, after once again reading to her the comment to 6.86 and showing her the errors in her previous drafts.

---

The language was then followed by the following statements:
"If you find from all of the evidence that the foregoing facts are true, you must find that there was reasonable cause to arrest the plaintiff. [¶] If you find that such facts are not true, you must find the [sic] there was not reasonable cause to arrest him."
    This is clearly an erroneous instruction in that it asks the jury to draw a legal conclusion from a legal conclusion.
    [7]This version consisted of the following, for insertion in place of paragraph two of defendant's instruction NO. 25: "The plaintiff delayed and impeded the entry of Officers Hofer, Reiner and Higgenbotham [sic] into the barber shop. That the entry of Officers Hofer, Reiner and Higgenbotham [sic] into the barber shop was lawful. That the plaintiff delayed and interfered with the investigation of Officers Hofer, Reiner and Higgenbotham [sic] in the barber shop. [¶] That the plaintiff interferred [sic] with the investigation of the officers by attempting to touch the shotgun being held by Officer Hofer. [¶] That the officers had a right to be at the rear of the barber shop. [¶] That the plaintiff attempted to attack Officer Higgenbotham [sic] by pushing him."
    [8]Defense counsel's disagreement with the court's interpretation of the instruction is manifest in the following exchange: "THE COURT:.... [¶] The fact question that I see in this thing that I want you to consider in drawing your instruction 6.86 over is were they justified under the facts on the basis of whether they were justified in entering the premises, that is, exigent circumstances,...the fact about them entering that portion of the premises where the shotgun was actually found, whether that was open to the public; whether the facts regarding the removing of the shotgun and the shell or shells from the premises. [¶] And then isn't the heart of the fact question...whether the plaintiff actually interferred [sic] or attempted to interfere with the investigation of a crime committed by another, that is, Davis, which investigation was then actually in progress in the barber shop at the time the arrest took place? [¶] Don't you both agree that that's the heart of the question?
    "Plaintiff's Counsel: Yes, sir.
    "THE COURT: Do you, [defense counsel]?
    "Defense Counsel: No, Your Honor."

After a 1-hour-and-40-minute recess, the court reconvened and counsel submitted her final attempt, defendant's instruction No. 34, which the court refused, characterizing it as a "slanted, improper instruction, [not meeting] the needs of 6.86, . . ."[9]

The City, while admitting that it "fail[ed] to provide the trial court with a single, proper jury instruction on reasonable cause to arrest," argues that, nevertheless, "the trial court still had a duty to instruct the jury properly on [this issue]."

In support of its contention, however, the City cites *Lysick* v. *Walcom* (1968) 258 Cal.App.2d 136, 157-158 [65 Cal.Rptr. 406, 28 A.L.R.3d 368], wherein the court concluded its opinion by stating that "[i]n the instant case it was incumbent upon the trial court properly to instruct the jury on the controlling legal principles applicable to the case so that the jury would have a complete understanding of the law applicable to the facts; and the court was not relieved of this responsibility even though faulty or inadequate instructions were submitted by the parties or instructions were not submitted by the parties on the vital issues at all." (Accord *Trejo* v. *Maciel* (1966) 239 Cal.App.2d 487, 498 [48 Cal.Rptr. 765]; cf. *Herbert* v. *Lankershim* (1937) 9 Cal.2d 409, 482 [71 P.2d 220]; *Pepper* v. *Underwood* (1975) 48 Cal.App.3d 698, 708 [122 Cal.Rptr. 343].)

Although we note that the language regarding the submission of "faulty or inadequate instructions" is dictum, we do not quarrel with the rule that it is the responsibility of the trial court to instruct the jury on the controlling legal principles applicable to a case. The existence of this "responsibility," however, does not in itself define its parameters, and we hold that it is not absolute.

The precise issue before us is to what extent can the actions of the author of an improperly drawn instruction shape or limit the nature of the trial court's responsibility to instruct the jury on all vital issues to

---

[9]"Defendant's Instruction No. 34" reads in its entirety as follows: "To constitute reasonable cause for the arrest of the plaintiff in this case, the evidence must establish that: [¶] The plaintiff made verbal statements to the officers as they were entering the barber shop. The plaintif [*sic*] delayed the officers in their entry into the barber shop. The plaintiff pushed Officer Higgenbotham at the rear of the barber shop. The plaintiff appeared to grab for the shotgun being held by Officer Hofer. The plaintiff walked towards Officer Higgenbotham flailing his arms. [¶] If you find that such facts are not true, you must find that there was not reasonable cause to arrest him."

the case? We hold the general rule to be not applicable to the case at bench, wherein the record clearly indicates that the conduct of defense counsel at trial was such that her refusal to modify and submit a proper BAJI No. 6.86 instruction regarding probable cause to arrest, was tantamount to insubordination, and, as such, resulted in a waiver of counsel's right to have the jury instructed on its theory of the case.[10]

In *Herbert* v. *Lankershim* (1937) 9 Cal.2d 409, 482 [71 P.2d 220], the court recognized the exception which here is applicable. There the court, after holding that a minor change in the proffered instruction (the words "a presumption of undue influence" should have been substituted for "presumption of fraud") should have been made, states: "We think this is the rule approved by statute and judicial decision where fundamentals are involved, *there being no attempt on the part of the author to mislead the court or jury by resorting to equivocally or ingeniously phrased requests,...*" (Italics added. *Id.* at pp. 482-483.)

Defense counsel requested the court to give CALJIC Nos. 16.100, 16.101 and 16.105. CALJIC No. 16.101 defines "lawful arrest" in regard to resisting arrest. Of its alternative definitions, counsel submitted the fourth, modified, in essence defining reasonable cause to arrest upon reasonable belief that a felony had been committed by the person arrested. (Defendant's instruction No. 13.) The term "felony" is clearly inapplicable to respondent's actions herein and counsel seems to have confused respondent with Davis, who had been arrested prior to the officers entering the barber shop. CALJIC No. 16.105, also proffered in a modified form, refers to resisting detention for questioning or investigation. (Defendant's instruction No. 14.) This language is also inapplicable to the facts of the case at bench. Lastly, as the court noted, Defendant's instruction No. 7, CALJIC No. 16.100, as modified, "improperly changed the whole meaning of" that instruction, and was also properly rejected.

Finally counsel stated that she "would have no objection to the court giving CALJIC No. 16.100 with no modification." The trial court did

---

[10]We note the record indicates that the trial court also refused to give defense counsel's requested instruction—CALJIC No. 16.100—"Resisting Arrest," applicable to Penal Code section 148.

CALJIC No. 16.100 reads, in pertinent part as follows: "Every person who wilfully resists, delays, or obstructs any public officer in the discharge or attempt to discharge any duty of his office, is guilty of a misdemeanor. [¶] The phrase 'in the discharge or attempt to discharge any duty of his office,' as used in this instruction, includes: [¶] [The making of or the attempt to make a lawful arrest by a peace officer.]"

not at that time make a ruling on No. 16.100, but held it in abeyance awaiting the submission of a properly drawn BAJI No. 6.86 instruction, since the latter would have accurately covered the subject. We do not rule on the propriety of CALJIC No. 16.100. Even assuming it would have been proper to give it as finally requested, we find that counsel's refusal to properly modify BAJI No. 6.86 is tantamount to a waiver of any error on the part of the court in its failure to give the former instruction. Without defense counsel specifically calling to the attention of the trial judge the necessity to rule upon this instruction, after four days of discussion regarding BAJI No. 6.86 (extending into the middle of closing arguments), there was failure in a proper submission of the latter instruction.

Two cases cited by appellant, that of *Pepper v. Underwood, supra*, 48 Cal.App.3d 698, 708, and *Trejo v. Maciel, supra*, 239 Cal.App.2d 487, are instructive as to the parameters of the trial court's responsibility in this respect.

In *Trejo v. Maciel, supra*, the jury requested further instructions on a point, and the judge declined to answer the question. The appellate court noted that "[t]he responsibility for adequate instruction becomes particularly acute when the jury asked for specific guidance." (*Id.* at p. 498.) In the case before us, the jury requested clarification of the meaning of false imprisonment. Not only did the trial court offer clarification, but asked of both counsel: "Do either of you ask that I read anything further?" Defense counsel's response was: "The defendant does not, your Honor." This is particularly relevant in that the requested clarification had to do with the meaning of false imprisonment, and the judge, in response, read BAJI No. 6.82, as modified to the jury —"An arrest is taking a person into custody in a case and in a manner authorized by law. A false arrest is the unlawful taking of a person into custody." In answer to the trial court's question regarding counsels' wish to have anything read further, this would have been an appropriate time for defense counsel to again request an instruction on probable cause as a clarification of the words "in a manner authorized by law," but once again she chose not to do so.

The last case cited by appellant, *Pepper v. Underwood, supra*, 48 Cal.App.3d 698, an opinion of this court wherein we held that even though the requested instruction rejected by the court was inaccurate, "it was the duty of the court to instruct the jury correctly on the measure of damages [citations], and if necessary request counsel to prepare

an accurate, or *more* accurate instruction for that purpose." (*Id.* at p. 708. Italics in original.) The rejected instruction in *Pepper* was "a substantially accurate statement" of the law. (*Id.* at p. 707.) Not only has the trial court here met the responsibility placed upon it by *Pepper*, but the judge did much more in that he repeatedly requested counsel to resubmit a proper instruction over the course of four days, and outlined what he felt were the pertinent areas that needed to be factually covered. His suggestions were rejected by counsel.[11] We note that if the court had given the instruction in the manner it saw proper, it would have done so against the wishes of appellant.

As the court stated in *Gagosian v. Burdick's Television & Appliances* (1967) 254 Cal.App.2d 316, 318 [62 Cal.Rptr. 70], "There is neither reason nor justification for compelling a trial judge to act as a sort of advisory or 'backup' counsel, with all the frustration of the employed attorneys' trial strategy and tactics which such a holding could encompass."

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.

---

[11]In *Pedesky v. Bleiberg* (1967) 251 Cal.App.2d 119 [59 Cal.Rptr. 294], reiterating the general rule, we held that plaintiff was "entitled to have every theory of her case submitted to the jury in accordance with the evidence [citations], and the trial court must, when requested, instruct on all vital issues involved." (*Id.* at p. 123.)

Therein we noted that an erroneous, misleading or incomplete instruction may be refused by the court, and that the latter is under no duty to modify such instruction or give others in its place, "'*as long as the jury is properly instructed as to the law of the case.*'" (Italics in original. *Id.* at p. 125, quoting *Fibreboard Paper Products Corp. v. East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 717 [39 Cal.Rptr. 64].) In *Pedesky*, however, we did not anticipate the situation present in the case at bench, wherein experienced counsel proffering the instruction sought to place the judge in the untenable position of either giving an erroneous or misleading instruction or submitting a version of her own to which counsel had expressly stated its disagreement. In the factual context before us, this situation, in effect, gives rise to a waiver of the requested instruction.