Filed 12/17/25  Burgos v. Singer CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| NURIA TORRENTE BURGOS,<br><br>    Plaintiff, Cross-Defendant and Respondent,<br><br>v.<br><br>MICHAEL A. SINGER,<br><br>    Defendant, Cross-Complainant and Appellant. | 2d Civil No. B340242<br>(Super. Ct. No. 56-2021-00559249-CU-BC-VTA)<br>(Ventura County) |

Defendant and Cross-Complainant Michael A. Singer appeals the judgment entered after the trial court dismissed his cross-complaint with prejudice in this action relating to the breach of a residential lease and related causes of action.  The trial court dismissed appellant's cross-complaint for breach of contract after he failed to submit any proposed jury instructions regarding the factual elements of that claim or the applicable measure of damages.  Appellant contends the trial court erred

because he proposed correct instructions on his cause of action against the tenants for holdover damages and that cause of action should have been submitted to the jury. We affirm.

*Facts*

Appellant owned a single-family home in Ventura and leased it to Nuria Torrente Burgos ("respondent") for a term of one year at a monthly rent of $2650. When the term expired, respondent stayed in the premises on a month-to-month basis. During this period, respondent sent appellant a letter complaining about the condition of the property and appellant's presence on it. Appellant responded to the letter and forwarded to respondent a new month-to-month rental agreement which included a new monthly rent of $2850. Respondent and appellant discussed the new agreement at a meeting in July 2021. Appellant made some changes to the agreement at respondent's request, including reducing the new rent to $2800. Respondent did not sign the new agreement.

The next month, respondent tendered payment of rent in the prior amount of $2650. Appellant returned the check and then served respondent with a 15-day notice to pay rent or quit. Respondent served appellant with a Declaration of Covid-19 Financial Distress. She did not pay any portion of the September rent. In October 2021, respondent again tendered payment of rent in the prior amount. Appellant attempted to return the check and served a three-day notice to pay rent or quit by certified mail. Respondent never claimed the certified mail.

Later in October 2021, respondent filed a complaint against appellant alleging causes of action for declaratory relief, breach of contract, retaliatory conduct, negligence, breach of the warranty of habitability, breach of the covenant of quiet

2

enjoyment, premises liability, nuisance and intentional infliction of emotional distress.  A month later, in November 2021, appellant filed an unlawful detainer action against respondent.

Lengthy delays occurred as a result of the pandemic and other circumstances.  The unlawful detainer action was finally set for trial.  But when the parties appeared for trial, respondent's counsel surrendered the keys to appellant and the unlawful detainer action was taken off calendar.  Appellant filed a cross-complaint in the civil action, alleging a cause of action for breach of contract and another for "holdover damages."

The complaint and cross-complaint were set for jury trial.  Both before and during the trial, the trial court repeatedly admonished counsel for both parties to meet and confer on the jury instructions and special verdict form.  On at least two separate occasions, the trial court explained to counsel that it was counsel's duty, not the court's, to submit complete, accurate and non-argumentative proposed jury instructions and a special verdict form.  If counsel did not provide appropriate instructions, the court warned, the jury would not be instructed on those issues.

On the Thursday before a scheduled Monday afternoon jury instruction conference, the trial court provided counsel with a lengthy written minute order detailing its expectations for the proposed instructions and verdict form and outlining the legal issues it believed needed to be addressed.  At the conference, which was not transcribed, the trial court ordered counsel to distribute revised instructions via the court's email by the end of the next day.

As relevant here, appellant submitted a proposed jury instruction regarding the modification of a lease (Civ. Code,

§ 827), and a proposed instruction on the measure of damages for "wrongful occupancy of the property." (CACI No. 4340.) Appellant also appears to have requested instructions regarding the factual elements of *respondent's* claim for breach of contract and the measure of damages for breach of the covenant of quiet enjoyment. He does not appear to have requested instructions regarding his own claim for breach of contract or the measure of damages applicable to that claim. The instructions appellant submitted were rejected by the trial court. Appellant did not request explanation of the trial court's ruling, nor did he submit any revised or clarifying instructions on these issues.

At the final jury instruction conference, the trial court noted that the parties' proposed instructions were incomplete, inaccurate and argumentative. As a result, the court ordered that certain causes of action would not be submitted to the jury. In particular, the court noted that, while both parties alleged a cause of action for breach of contract, neither party had requested a jury instruction outlining the factual elements of their respective claims. The court explained to defendant's counsel, "An action for unpaid . . . rent is a breach of contract. You haven't tendered an instruction that tells the jury what they have to find to give your client money. So you're not getting that cause of action."

The trial court later stated, "And I'm done looking at jury instructions and having conversations about whether they're good or not good. [¶] So the proposal that I would make to the two sides is if you want to do what you haven't been willing to do up until now, which is actually meet and confer, if you want to meet and confer and agree with one another that you're each going to have a version of CACI 303 that you each agree upon,

4

then I will give those instructions. [¶] If you don't agree to it, then we just won't. And it'll make things so much less complicated. [¶] If you're going to do that, I need your agreed-upon instructions by 9:30 in the morning."

Counsel did not agree on proposed breach of contract instructions. Instead, about 15 minutes before the trial court's final deadline, appellant's counsel lodged a version of CACI No. 303, entitled "Breach of Contract – Essential Factual Elements." Ten minutes after the deadline, appellant's counsel advised the court that each side objected to the other's proposed breach of contract instruction.

The trial court notified the parties that it rejected both of their proposed instructions on breach of contract and that neither party's claim would go to the jury. After deliberating for about three hours, the jury returned its verdict in favor of appellant on each of respondent's claims. Appellant's cross-complaint was dismissed with prejudice.

The trial court later denied appellant's motion for a new trial on the cross-complaint. After exhaustively outlining its attempts to receive appropriate jury instructions from counsel, the trial court noted that appellant had never offered a proposed instruction on the elements of a breach of contract claim. It concluded, "It would have been a gross abuse of discretion to direct a jury to decide a cause of action without instructing on the elements of the cause of action. The court's order dismissing the cross-complaint was in the nature of a directed verdict, because without an appropriate instruction on the elements of the cause of action, [appellant] could not recover on the cause of action as a matter of law. The dismissal of the cross-complaint was not a

'sanction'; it was the foreseeable consequence of failing to timely propose a necessary instruction."

The trial court further explained that it had rejected the last instruction appellant proposed because it was submitted after the deadline and the parties had not reached agreement on its text. In the trial court's view, this was not an abuse of discretion because, appellant "proposed his CACI 303 instruction while the trial was dark and just hours before the court was to instruct and the parties were to argue. By that point, it was not feasible to delay the proceedings to resolve [respondent's] objections to [appellant's] instruction (and [appellant's] objection to [respondent's] own CACI 303 instruction). As it was, the court and parties were risking mistrial by submitting the case to the jury with limited time to deliberate."

*Contentions*

Appellant contends the trial court abused its discretion in dismissing the cross-complaint because he pleaded and proved a cause of action for holdover damages based on respondent's wrongful withholding of the property. Because his proposed jury instructions on that claim were adequate, appellant contends the trial court erred when it refused to submit that claim to the jury.

*Standard of Review*

The trial court noted, and the parties agree, that its order refusing to submit the cross-complaint to the jury was "in the nature of a directed verdict." We review de novo the trial court's decision to grant a directed verdict on the cross-complaint. (*Baker v. American Horticulture Supply Inc.* (2010) 186 Cal.App.4th 1059, 1072; *Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC* (2010) 185 Cal.App.4th 1050, 1060.) Similarly,

6

"The propriety of jury instructions is a question of law that we review de novo." (*D.Z. v. Los Angeles Unified School District* (2019) 35 Cal.App.5th 210, 232.)

*Discussion*

Although appellant frames the issue differently, the question presented here is whether the trial court erred when it declined to instruct the jury on appellant's claims for breach of contract and "holdover damages" based on appellant's failure to request appropriate jury instructions on those claims. There was no error.

"'""In a civil case, each of the parties must propose complete and comprehensive instructions in accordance with his theory of the litigation; if the parties do not do so, the court has no duty to instruct on its own motion.' . . .""" (*Metcalf v. County of San Joaquin* (2008) 42 Cal.4th 1121, 1130-1131, quoting *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 950-951, disapproved on other grounds, *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4.) Additionally, "A court may refuse a proposed instruction that incorrectly states the law or is argumentative, misleading, or incomprehensible to the average juror, and ordinarily has no duty to modify a proposed instruction." (*Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 684-685; *Olive v. General Nutrition Centers, Inc.* (2018) 30 Cal.App.5th 804, 813 [if requested instruction is ""'incomplete or erroneous the trial judge may . . . properly reject it'""].) A party's "failure to request any different instructions means he may not argue on appeal the trial court should have instructed differently." (*Metcalf v. County of San Joaquin, supra,* at p. 1131.)

These long-established rules require that we affirm. Appellant was notified on the first day of trial, April 8, 2024, that

7

proposed jury instructions were due eight days later, on April 16. The trial court then extended that deadline three times, to the morning of April 25. Appellant was advised on numerous occasions to submit the proposed instructions in a timely manner, so the trial court would have time to review them and the parties would have time to revise them. Despite these admonitions, appellant waited until the last possible minute to submit a proposed instruction on the factual elements of his breach of contract claim and never submitted a proposed instruction on the measure of damages for that claim. The trial court had no duty to modify appellant's proposed instructions, to draft its own instructions on these issues, or to instruct the jury with incomplete, incorrect or argumentative instructions.

*Roberts v. City of Los Angeles* (1980) 109 Cal.App.3d 625 (*Roberts*), illustrates the point. There, the plaintiff sought damages for battery and false imprisonment after what he alleged was a wrongful arrest. Counsel for the City failed to propose a correct jury instruction on the question of probable cause to arrest. After the trial judge held numerous conferences with counsel, in an attempt to receive an acceptable instruction, counsel for the City declined to make further revisions. The trial court did not instruct the jury on this central issue.

The Court of Appeal found no error. It noted that the trial court made several attempts to assist counsel in drafting a correct instruction. When counsel refused to make further revisions, the judge was "faced with an untenable situation," and had no duty to modify the instruction itself. (*Roberts, supra,* 109 Cal.App.3d at p. 631.) "[W]e find that counsel's refusal to properly modify [the instruction] is tantamount to a waiver of any error on the part of the court in its failure to give the former

8

instruction." (*Id.* at p. 634.) The court further noted, "'There is no reason nor justification for compelling a trial judge to act as a sort of advisory or "backup" counsel . . . .'" (*Id.* at p. 635, quoting *Gagosian v. Burdick's Television & Appliances* (1967) 254 Cal.App.2d 316, 318.)

The same reasoning applies here. After numerous attempts to receive complete, correct and non-argumentative instructions from counsel, the trial court eventually stopped asking and declined to draft the instructions itself. This was well within its discretion. There was no error in the court's refusal to "'act as a sort of advisory or "backup" counsel'" after appellant's counsel was unable or unwilling to propose appropriate instructions.

Appellant contends the trial court's concern regarding the absence of breach of contract instructions was "irrelevant," because his actual claim was for "holdover damages" following respondent's wrongful possession of the property, and he submitted the proper instructions on that claim. We reject this contention for similar reasons. First, the record on appeal does not indicate that appellant made this argument in the trial court. Instead, the record shows that the trial court repeatedly requested correct instructions on breach of contract – the cause of action alleged in the cross-complaint – without comment from appellant regarding holdover damages. The contention is forfeited. (*Keener v. Jeld-Wen, Inc.* (2009) 46 Cal.4th 247, 264-265; *Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776.)

Second, appellant asserts the two instructions he submitted on holdover damages, "with the context of the revised special verdict form," were sufficient and the trial court erred when it refused those instructions. We reject this contention

9

because it is not supported by citations to the record or to legal authority.  We are not required to search the record for evidence supporting appellant's claims of error.  Instead, ""'[I]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. . . .'""  (*Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 514.)  The same is true for arguments that are not supported by legal authority.  (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 ["failure to provide legal authorities to support arguments forfeits contentions of error"]; *Dabney v. Dabney* (2002) 104 Cal.App.4th 379, 384 ["We need not consider an argument for which no authority is furnished"].)

*Conclusion*

The judgment is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

10

Mark S. Borrell, Judge

Superior Court County of Ventura

_____


Anthony A. Roach, for Defendant and Appellant.

Oceanbridge Law Firm and Macauley Ekpenisi, for Plaintiff and Respondent.